**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RANDY L. BOWMAN** | * | |
| **14304 HIGHWAY 41** | * | |
| **ROCK SPRINGS, TEXAS 78880** | * | **CIVIL ACTION** |
| | * | |
| **V.** | * | **NUMBER:** |
| | * | |
| **MAERSK LINE LIMITED** | * | |
| **2510 WALMER AVENUE, SUITE C** | * | |
| **NORFOLK, VIRGINIA 23513** | * | **JURY TRIAL DEMANDED** |
| | * | |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Complainant, RANDY L. BOWMAN, a person of the full legal age who resides in Rock Springs, Texas. Complainant avers the following:

Parties and Jurisdiction

1. This matter is being brought under the Jones Act, 46 U.S.C. § 30104. Complainant is a seaman and hereby invokes 28 U.S.C. § 1916 for the benefit of filing this matter *in forma pauperis*.
2. Jurisdiction and venue in this District Court is appropriate under 28 U.S.C. **§** 1333, 46 U.S.C. § 30104**,** and the general maritime jurisdiction of this Court. At all material times herein, George Washington University Medical Maritime Access of Washington D.C., acted as the agent for Defendant MAERSK LINE LIMITED in providing medical treatment, care and opinions furnished to Complainant following his accident and resulting injuries herein. Under maritime law an employee's injury caused in whole or in part by the fault of others performing under contract operational activities of his employer are agents of the

employer. See, e.g., *Hopson v. Texaco, Inc.*, 383 U.S. 262 (1966) and *Central Gulf S.S. Corp v. Sambula*, 405 F.2d 291 (5th Cir. 1968).

3. Defendant herein is MAERSK LINE LIMITED (hereafter referred to as MAERSK), a corporation authorized to do and doing business within the District of Columbia.

Facts

4. During 2014 and 2015, RANDY L. BOWMAN was employed permanently by MAERSK as a seaman, First Engineer, assigned to the M/V MAERSK MICHIGAN, a vessel operating under U.S. registry.

5. At all material times herein the M/V MAERSK MICHIGAN was owned, operated and controlled by Defendant, MAERSK.

6. On or about December 2, 2014, Complainant's neck was lacerated by an exploding lamp in the engine room of the M/V MAERSK MICHIGAN causing him to fall to his knees when the glass impacted his neck and upper torso.

7. Defendant MAERSK engaged the George Washington University medical staff to provide remote advice to its vessels and crew throughout the world through the George Washington University Maritime Medical Access. Medical treatment was provided per the advice of George Washington University ("GWU") Maritime Medical Access while the vessel was in Guam.

8. Further, on or about April 11, 2015, Complainant was caused injuries to his spine and mind while responding to flooding in the engine room from failed salt water piping. Following this injury, Complainant received medical treatment per the recommendation of GWU Maritime Medical Access as requested and received by

the vessel Master of the M/V MAERSK MICHIGAN. Despite receiving the information that Mr. Bowman was suffering from lower back pain radiating down his right leg, he was retained on light duty per the GWU Maritime Medical Access recommendation. The recommended treatment continued until May 31, 2015 when the Complainant was directed to sign off in Okinawa, Japan where he was found to be paralyzed in his right leg. He was flown directly to GWU Medical Center in the District of Columbia for observation and treatment including surgery.

9. At all material times herein, GWU Maritime Medical Access was acting as agents for MAERSK and providing medical recommendations for treatment, which caused serious delay in providing adequate medical treatment for Complainant while he was on the high-seas. This treatment further led to failure to establish a timely evacuation plan for Complainant. This aggravated Complainant's injury from medically manageable to immobilization and partial paralysis.

10. A proximate cause of the accident and injury herein was: (a) Defendant failed to provide a safe place to work, (b) Defendant failed to have and enforce reasonable rules and regulations to ensure the safety of Complainant, (c) Defendant failed to provide a competent crew to adequately and safely operate the vessel, (d) Defendant failed to properly train its crew, (d) Defendant failed to correct the salt water piping before the accident which had been reported to Defendant as needing replacement, (f) Defendant, through its agent, GWU Maritime Medical Access, failed to furnish Complainant appropriate care and/or to hospitalize Complainant and timely remove him from any duty following his spine injury, and (g) any and

all other negligence that may be discovered between now and the time of trial.

11. A proximate cause of the accident and injury herein was the unseaworthiness of the M/V MAERSK MICHIGAN. The salt water piping in the engine room, crucial for evacuation of water and machinery cooling, was rotted and required constant soft-patching. This condition was known to Defendant long before Complainant's injury herein.

**Count One – Punitive Damages**

12. Plaintiff repeats and realleges each and every allegation of paragraphs nos. 1 to 11.

13. Complainant demands punitive damages of SEVEN MILLION AND NO/100 ($7,000,000.00) DOLLARS for defendant's gross negligence and recklessness in failing to properly maintain the M/V MAERSK MICHIGAN and/or in failing to furnish complainant a safe place to work.

**Count Two – Compensatory Damages Jones Act**

14. Complainant repeats and realleges each and every allegation of paragraphs nos. 1 to 11.

15. As a direct and proximate result of the accident herein, RANDY L. BOWMAN sustained severe disabling injury to his spine and mind, and damages of past and future mental and physical pain and suffering, past and future lost wages, past and future medical expenses, found, and any and all other related damages and expenses allowable by law, all for which Complainant is entitled to sue and recover from the Defendant herein in the full and total sum of SEVEN MILLION AND NO/100 ($7,000,000.00) DOLLARS.

**Count Three – General Maritime Law – Maintenance and Cure**

16. Complainant repeats and realleges each and every allegation of paragraph nos. 1 to 11.

17. Demand is also made for maintenance and cure and all damages allowable under the General Maritime Law associated with this claim as well, including punitive damages and compensatory damages, as well as attorney fees, if maintenance and cure has not been properly paid or provided.

**WHEREFORE**, Complainant, RANDY L. BOWMAN, demands judgment against the Defendant herein for the full and total sum of:

i. SEVEN MILLION AND NO/100 ($7,000,000.00) DOLLARS in compensatory damages;

ii. SEVEN MILLION AND NO/100 ($7,000,000.00) DOLLARS in punitive damages;

iii. legal interest thereon from the date of accident herein until paid, for maintenance and cure and related punitive and compensatory damages, including attorney fees;

iv. all costs of these proceedings; and

v. all appropriate, general and equitable relief.

Jury Trial Demand

Complainant demands a jury trial on all issues.

Respectfully submitted,

By: /s/*Timothy B. Shea*
Timothy B. Shea
DC Bar no. 234005
Nemirow, Hu & Shea
1900 L Street, NW Suite 303
Washington, DC 20036
Tel. 202 835 0300
Fax 888 – 522 – 4519
Email: timbshea@gmail.com